THERESA SHERFF, Appellant, v. THEODORE JACOBI and CATHERINE JACOBI, Respondents.

*Pleading — a complaint need not deny a possible defense — action to recover borrowed money — evidence admissible in.*

A complaint need not anticipate and deny a possible defense.

In an action brought to recover a sum of money alleged to have been loaned by the plaintiff to the defendants, who were husband and wife, the wife denied that the plaintiff made any such loan, and averred that her husband furnished to the plaintiff board, rooms and fuel in full satisfaction of the plaintiff's claim. The husband denied the loan, alleged that the money was a gift, and also stated as a counterclaim the board, use of rooms and fuel furnished by him.

Upon the trial, it appeared that at the time the plaintiff made the alleged loan, she received from the husband a writing, acknowledging the receipt from her of the amount of such loan, and promising to pay the same, with interest at six per cent "When Convenca," which instrument was signed by both of the defendants. The plaintiff retained the paper and referred to it on the trial to fix the date of the loan. The defendant then put it in evidence, and claimed that such writing was conclusive evidence of the contract under which the defendant had received the money, and that it being an agreement to repay at the defendants' convenience, the plaintiff would have to show a present ability to pay in order to recover under it. The court so held, and also held that the defendants' ability to, pay could not be shown under the plaintiff's complaint.

The plaintiff then offered to show that such paper did not express the contract between the parties; that the plaintiff could not read or write; that she did not know the contents of the paper, and was deceived in taking it, and that it was never delivered to or accepted by her as the contract upon which the loan was made, and she asked leave to go to the jury upon that question. The court rejected the evidence on the ground that it was not admissible under the complaint, denied the plaintiff's motion to amend and dismissed the complaint.

*Held,* that the facts which the plaintiff offered to prove, if proven, would have left her case standing upon precisely such a cause of action as was set forth in the complaint;

That it was a question for the jury whether the paper embodied the contract made, or was received and retained under the circumstances claimed by the plaintiff.

APPEAL by the plaintiff, Theresa Sherff, from a judgment of the Supreme Court rendered at the Onondaga Circuit, in favor of the defendants, and entered in the office of the clerk of the county of Onondaga on the 18th day of January, 1893, dismissing the plaintiff's complaint.

*Jenney & Marshall,* for the appellant.

*Stephen Lockwood,* for the respondents.

Parker, J.:

The plaintiff's complaint in this action charges that on or about October 25, 1886, she loaned to the defendants $200, which they agreed to repay with interest, and she asks judgment against them for that amount. The defendant Catherine, who is the wife of the defendant Theodore Jacobi, answers separately, and denies that she made any such loan. She further avers that the defendant Theodore furnished to the plaintiff board, use of rooms and fuel of the value of $528, in full accord and satisfaction of her claim for such $200.

The defendant Theodore denies the loan, alleging that the money was a gift from the plaintiff to himself, and also sets up as a counter-claim the board, use of rooms and fuel, furnished by him to the plaintiff to the extent of $528.

On the trial, while the plaintiff was being examined,-it appeared that at the time she made the alleged loan, she received from the defendant Theodore a writing, of which the following is a copy:

"Syracuse, N. Y., *October* 25, 1886.

"Received of Thrasa Scherff the sum of two hundred dollars. When Convenca I promas to pay the Sum of Two Hundred Dollars with six cent intrestest up to dat to Thrasa Scherff.

"$200.                    "THEODORE JACOBI,
                         "CATHERENA JACOBI."

The plaintiff had retained such paper, and referred to it on the trial to fix the date of the loan. As soon as it appeared the defendant put it in evidence, while the plaintiff was being examined, and thereupon claimed that such writing was conclusive evidence of the contract under which the defendant had received the money, and that it being an agreement to repay at the defendants' convenience, the plaintiff would have to show a present ability to pay in order to recover under it. The court so held, and also held that such ability to pay could not be shown under the plaintiff's complaint.

In response to this claim, the plaintiff offered to show that such paper did not express the contract between the parties; that the

plaintiff could not read nor write; that she did not know the contents of the paper, and was deceived in taking it, and that it was never delivered to and accepted by her as the contract upon which the loan was made, and she asked leave to go to the jury upon that question.

The court rejected such evidence on the ground that it was not admissible under the complaint, and also denied the plaintiff's motion to amend the complaint. The complaint was thereupon dismissed by the court, and from the judgment entered thereon this appeal has been taken.

Although the plaintiff received and retained the paper, it was not necessarily the contract between them. It is in the form of a receipt not signed by the plaintiff, and, although it has incorporated in it terms as to the repayment of the amount received, it may be that knowing she could not read it, the defendants inserted such terms fraudulently, and induced her to receive it as a mere receipt. It does not require the citation of authorities to show that the receipt and retention of the paper by the plaintiff under such circumstances would not make it conclusive as to her, nor prevent her from showing what the real contract was between them.

. Such were the facts which the plaintiff offered to prove, and if proven, it would have left her case standing upon precisely such a cause of action as is set forth in her complaint.

The confusion seems to have arisen from allowing the defendants to prove an affirmative defense before the plaintiff had proved her case, and then prohibiting the plaintiff from rebutting it. The logic of the situation was this: The plaintiff claimed a verbal loan of money to be repaid with interest, but no time for repayment specified, and she testified to such contract; the defendant admitting the loan, claimed that the money was to be repaid at his convenience and that a contract to that effect was reduced to writing at the time. He is allowed to prove such defense by putting in evidence the writing and assuming, from the fact that it was still in the plaintiff's possession, that it was delivered and received as expressing the contract between them.

To this defense the plaintiff sought to reply that the writing was not the contract actually made; that it had been imposed upon the

plaintiff in fraud, and retained by her in ignorance of its contents, and that really the loan was made upon the terms set forth in the complaint.

The court excluded such evidence because the plaintiff had not anticipated such defense, and set up her reply to it in her complaint. This, we think, was an error for which the judgment should be reversed.

It was plainly a question for the jury whether the paper embodied the contract made, or was received and retained under the circumstances claimed by the plaintiff. Inasmuch as her cause of action under that claim was precisely the one set forth in her complaint, she should have been allowed to prove it. The complaint need not anticipate and deny a possible defense. (*Wheeler* v. *Millar*, 90 N. Y. 354, 361.)

The judgment entered should be reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.